**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1365
_____

UNITED STATES OF AMERICA

v.

BRAD STOKES,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:19-cr-00774-001)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: January 22, 2024)
_____

OPINION*
_____

---

\*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

When police pulled Brad Stokes over for a traffic violation, they smelled marijuana and then found a loaded revolver in his waistband and ten bags of heroin in his pocket. In the car, they found another 123 bags of heroin plus a shotgun and a bag of ammunition.

Stokes already had two felony convictions for drug dealing. So he pleaded guilty to possessing a gun after having been convicted of a felony and to possessing drugs with intent to distribute them, in violation of 18 U.S.C. §922(g)(1) and 21 U.S.C. §841(a)(1), (b)(1)(C). His two prior drug convictions made him a career offender. U.S.S.G. §4B1.1. Given his final offense level (29) and criminal history category (VI), the Guidelines recommended a prison sentence of 151 to 188 months.

The government and Stokes agreed to recommend a downward variance, which would have reduced his range to 62 to 70 months. In agreeing to this variance, they noted Stokes's history of suffering abuse, drug abuse, and mental illness. They also acknowledged that, seven months before his arrest, his son had been murdered. Stokes's grief had triggered increased drug use, lapsed mental-health treatment, paranoia, psychosis, hallucinations, and eventually these crimes. As his psychiatrist explained, Stokes was thinking about killing his son's killers or anyone who bothered him, then killing himself.

But the sentencing judge balked, varying downwards only to 84 months. Stokes now appeals the substantive reasonableness of his sentence, which we review for abuse of discretion. *United States v. Kluger*, 722 F.3d 549, 555 (3d Cir. 2013). We may presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022). It follows that we may presume that a below-

2

Guidelines sentence is not too harsh. And as that presumption suggests, this sentence is reasonable too.

Stokes argues that the District Court put too much weight on the Guidelines' recommendation. The judge called the Guidelines "paramount," the "go-to," and the "lodestar." App. 118, 119, 123. He also remarked that "they're asking me to … vary downward more than half. And in all my years on the bench, I don't think I've ever done that." App. 118.

Stokes is right that a judge may not follow the Guidelines robotically or reflexively. But that is not what Judge Sheridan did. He went through Stokes's criminal history, noting the similarity of his prior drug convictions to his current one. He showed leniency to reflect Stokes's mental-health problems, his six years of mental stability and law-abiding conduct, his drug addiction, and his marital separation. But he also reasonably expressed concern about Stokes's plan to shoot others and then himself. That balancing of mercy and justice was thoughtful and appropriate. So Stokes's sentence was substantively reasonable. We will thus affirm.